IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BALTIMORE GAS AND ELECTRIC COMPANY, <br>     Plaintiff <br><br> and <br><br> MARYLAND PUBLIC SERVICE COMMISSION, <br>     Plaintiff-Intervenor <br><br> v. <br><br> UNITED STATES OF AMERICA and LOUIS CALDERA, SECRETARY OF THE ARMY, <br>     Defendants <br><br> and <br><br> ENRON FEDERAL SOLUTIONS, INC., <br>     Defendant-Intervenor | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | _____FILED  _____ENTERED <br> _____LODGED  _____RECEIVED <br><br> JUN 0 5 2001 <br><br> AT GREENBELT <br> CLERK U.S. DISTRICT COURT <br> DISTRICT OF MARYLAND <br> BY_____DEPUTY <br><br><br> CIVIL NO. AMD 00-2599 |

...oOo...

ORDER

On March 12, 2001, I entered a Memorandum and Order granting defendants' motions for summary judgment, denying plaintiffs' motions for summary judgment and declaring that "the Secretary of the Army's solicitation which is the subject of these proceedings is in accordance with law." On May 4, 2001, plaintiff Baltimore Gas and Electric Company (BG&E) filed a motion pursuant to Federal Rules of Civil Procedure 12(h)(3) and 60(b)(6) to vacate the judgment on the ground of mootness and to dismiss the case for lack of jurisdiction. BG&E asserts that "it appears the Army has determined that BG&E alone



remains in the competitive range and eligible for award of the utility privatization contract for Fort Meade. By virtue of this procurement action, BG&E no longer faces competitive harm from the privatization solicitation. In the absence of a case or controversy, the Court should vacate its judgment and dismiss the matter for lack of jurisdiction." BG&E Motion to Vacate at 1-2.

In support of its motion, BG&E submitted a copy of the Army's letter informing it that its proposal for the subject solicitation privatizing the gas and electric utility delivery infrastructures at Fort Meade is to be included in the competitive range and that BG&E would be asked to participate in oral discussions to further develop its proposal. *Id.* Ex. 2 (Letter to Monika S. Bay from Jerome Rifkin, Contracting Officer, Department of the Army, April 4, 2001). The only evidence BG&E provides that it is the *sole* bidder in the competitive range is a declaration "on information and belief" from Monika S. Bay, the Director of Federal Utility Programs for BG&E. Bay is responsible for the development of BG&E's proposal and for discussion with the Army related to the negotiation of BG&E's offer for Fort Meade. *Id.* She states: "On information and belief, BG&E is the *only* offeror in the competitive range . . . . Although the Contracting Officer's letter states that discussions will be held with 'those *offerors* who remain in the competitive range,' this statement appears to be standard boiler plate language for competitive range notifications . . . ." *Id.* Ex. 1 ¶ 5. Bay states further that "BG&E's belief that it *alone* remains in the competitive range for the Fort Meade contract is based upon its knowledge of the utility privatization industry and the

impact of the recent solicitation amendment on the competition." *Id.* ¶ 6. In its reply memorandum, BG&E argues that the United States "concedes this fact without rebuttal." BG&E Reply at 2. However, it is clear that the United States does not concede any such "fact;" it merely assumes, for the sake of argument (in opposing the motion), that it is true.[1]

I find that Bay's statement "on information and belief" does not establish that BG&E is the sole competitive bidder for the subject solicitation. Therefore, I am not persuaded that BG&E has met its "heavy" burden to demonstrate that this case is moot. *United States v. W. T. Grant Co.*, 345 U.S. 629, 633 (1953). Accordingly, I need not address the application of *Valero Terrestrial Corporation v. Paige*, 211 F.3d 112 (4th Cir. 2000).

In accordance with the above, it is this 5th day of June, 2001, by the United States District Court for the District of Maryland, ORDERED

(1) That plaintiff's motion to vacate judgment for mootness and dismiss the case for lack of jurisdiction is DENIED; and it is further ORDERED

(2) That the Clerk shall TRANSMIT a copy of this Order to counsel of record.

_____
ANDRE M. DAVIS
United States District Judge

---

[1] Indeed, the United States is legally prohibited from disclosing facts about the number of bidders responding to a pending solicitation. 4 U.S.C. § 423.